OPINION
{¶ 1} Plaintiff-appellant, Trido Rogers ("Rogers"), appeals the judgment of the Court of Common Pleas of Union County granting defendant-appellee The Goodyear Tire Rubber Company's ("Goodyear") motion to enforce the parties' settlement agreement.
 {¶ 2} On June 13, 2003, Rogers filed a complaint against Goodyear alleging employment discrimination. Rogers voluntarily dismissed the original complaint under Civ. R. 41(A). Rogers later refiled a complaint against Goodyear. Settlement negotiations followed and an agreement was entered on May 24, 2005, However, Rogers alleged that he never authorized the settlement and refused to abide by the settlement.
 {¶ 3} On June 13, 2005, Goodyear filed a motion to enforce the settlement. Rogers filed a memorandum contra admitting an oral agreement, but stating that he did not believe the agreement was final until it was put into writing. On July 25, 2005, the trial court held a hearing on the motion. The trial court granted Goodyear's motion and ordered Rogers to pay attorney fees and costs to Goodyear in the amount of $8,925 as a sanction. Rogers appeals from this judgment and raises the following assignments of error.
 The trial court abused its discretion by not allowing [Rogers] to question the credibility of [Goodyear's] witness during cross-examination.
 The trial court abused its discretion by granting sanctions against [Rogers] without allowing [Rogers] a hearing on whether [Rogers'] actions constituted frivolous conduct.
 The trial court abused its discretion by not allowing [Rogers] a separate damages hearing to properly address [Goodyear's] reasonable attorney fees.
 {¶ 4} In his first assignment of error, Rogers argues that the trial court abused its discretion when it did not permit him to cross-examine his prior attorney, Nicholas Kennedy ("Kennedy"), regarding credibility and bias issues. "Cross-examination shall be permitted on all relevant matters and matters affecting credibility." Evid.R, 611(B). The scope of cross-examination is a matter within the sound discretion of the trial court. O'Brien v. Angley (1980), 63 Ohio St.2d 159, 163, 407 N.E.2d 490,17 O.O.3d 98. Consequently, the trial court's decision "will not be reversed unless that has been a clear and prejudicial abuse of discretion." Id., citations omitted. Abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219;450 N.E.2d 1140.
 {¶ 5} Kennedy testified regarding the settlement negotiations between the parties. A review of the record indicates that Rogers' counsel questioned Kennedy concerning the discussions between the two of them regarding the settlement. Counsel then attempted to question concerning the relationship between Kennedy and Rogers. After several questions concerning the fact that Rogers had filed a complaint against Kennedy with the Columbus bar association, Goodyear's counsel objected to relevance. This objection was sustained. The trial court determined that the issues of Kennedy's alleged bias and lack of credibility had already been addressed and no further discussion was necessary. The record does not indicate that the trial court abused its discretion in limiting cross-examination of Kennedy. Thus, Rogers' first assignment of error is overruled.
 {¶ 6} In his second assignment of error, Rogers argues he did not get a hearing date regarding the sanctions nor was he provided notice of the hearing. Rogers further argues that he was not given sufficient notice or time and that he was prejudiced by not being able to have a full evidentiary hearing. R.C. 2323.51 provides in pertinent part:
 (B)(1) * * * at any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal. The court may assess and make an award to any party to the civil action or appeal who was adversely affected by frivolous conduct, as provided in division (B)(4) of this section.
 (2) An award may be made pursuant to division (B)(1) of this section upon the motion of a party to a civil action or an appeal* * * or on the court's own initiative, but only after the court does all of the following:
 (a) Sets a date for a hearing to be conducted in accordance with division (B)(2)(c) of this section, to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award;
 (b)Gives notice of the date of the hearing described in division (B)(2)(a) of this section to each party or counsel of record who allegedly engaged in frivolous conduct and to each party who allegedly was adversely affected by frivolous conduct;
 (c) Conducts the hearing * * * allows the parties and counsel of record involved to present any relevant evidence at the hearing * * * determines that the conduct involved was frivolous and that party was adversely affected by it, and then determines the amount of the award to be made.
R.C. 2323.51.
 {¶ 7} An appellate court reviews a trial's courts imposition of sanctions pursuant to R.C. 2323.51 under an abuse of discretion standard. Lewis v. Celina
 Fin. Corp, 101 Ohio App.3d 464, 471, 655 N.E.2d 1333. In this case, the trial court sua sponte ruled to impose sanctions of attorney fees. However, the hearing was held on a motion to enforce a settlement agreement, not on a request for sanctions. The trial court inquired into the number of hours and costs for attorneys involved in Goodyear's motion to enforce settlement, and even took a short recess to allow Goodyear's counsel to obtain the requested information. At no time prior to the hearing did the trial court inform the parties that it was considering sanctions against Rogers. No separate hearing date or advance notice of the hearing as required under R.C. 2323.51(B)(2) was provided. Furthermore, the trial court did not include any finding on the record that Rogers' conduct was frivolous. Based upon the facts and circumstances of this case, the trial court abused its discretion in awarding attorney fees as a sanction pursuant to R.C. 2323.51. Rogers' second assignment of error is sustained.
 {¶ 8} Rogers third assignment of error claims that the trial court erred in not granting him a separate hearing to determine the reasonableness of the attorney fee award. In light of our disposition of the second assignment of error, holding that the award of attorney fees was improper, Rogers' third assignment of error is moot.
 {¶ 9} The judgment of the Court of Common Pleas of Union County is affirmed in part and reversed in part. The matter is remanded to the trial court for further proceedings in accord with this judgment.
Judgment affirmed in part and reversed in part.
 BRYANT, P.J., and ROGERS, J., concur.