[Cite as *Rogers v. Goodyear Tire & Rubber Co.*, 2010-Ohio-194.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

TRIDO ROGERS,                                        CASE NO. 14-09-26

   PLAINTIFF-APPELLANT,

 v.

THE GOODYEAR TIRE &                                  O P I N I O N
RUBBER COMPANY,

   DEFENDANT-APPELLEE.

**Appeal from Union County Common Pleas Court**
**Trial Court No. 2004-CV-0345**

**Judgment Reversed**

**Date of Decision:  January 25, 2010**

APPEARANCES:

   *Stanley L. Myers* **for Appellant**

   *Joel R. Hlavatly* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Plaintiff-Appellant, Trido Rogers ("Rogers"), appeals the judgment of the Union County Court of Common Pleas awarding sanctions for attorney fees against him in favor of Defendant-Appellee, The Goodyear Tire & Rubber Co. ("Goodyear"). On appeal, Rogers contends that there were numerous errors involved in pursuing the R.C. 2323.51 claim more than four years after the settlement agreement in the original case. For the reasons set forth below, the judgment is reversed.

{¶2} On June 11, 2009, the trial court held a hearing on whether sanctions should be imposed on Rogers for alleged frivolous conduct concerning a settlement agreement in an employment discrimination case filed by Rogers against Goodyear in 2004. This hearing was held subsequent to this Court's December 2006 decision, *Rogers v. The Goodyear Tire & Rubber Co.*, 3d Dist. No. 14-05-34, 2006-Ohio-6854, in which we reversed the previous imposition of sanctions because the trial court failed to follow the statutory requirements mandated by R.C. 2323.51.

{¶3} As background to this case, a settlement agreement in the original employment discrimination case was allegedly reached in May 2005. However, Rogers later claimed that he had never authorized his attorney to enter into the

settlement and he refused to abide by its terms. *Rogers*, at ¶2. In July 2005, Goodyear filed a motion to enforce the settlement and the trial court held an evidentiary hearing on that motion. Id., at ¶3. The trial court granted Goodyear's motion upholding the settlement and then, sua sponte, ordered Rogers to pay attorney fees and costs to Goodyear in the amount of $8,925 as a sanction. Id. Goodyear subtracted the sanctions from the $9,000 settlement funds it owed Rogers, and sent him a check for the $75 balance.[1]

{¶4} Rogers appealed that decision, complaining that he had not received notice that sanctions would be addressed at the hearing and he was prejudiced by not being able to have a full evidentiary hearing as required by R.C. 2323.51. Id., at ¶6. This Court made the following findings.

> **In this case, the trial court sua sponte ruled to impose sanctions of attorney fees. However, the hearing was held on a motion to enforce a settlement agreement, not on a request for sanctions. \*\*\*. At no time prior to the hearing did the trial court inform the parties that it was considering sanctions against Rogers. No separate hearing date or advance notice of the hearing as required under R.C. 2323.51(B)(2) was provided. Furthermore, the trial court did not include any finding on the record that Rogers' conduct was frivolous. Based upon the facts and circumstances of this case, the trial court abused its discretion in awarding attorney fees as a sanction pursuant to R.C. 2323.51.**

{¶5} Id., at ¶7. We reversed the judgment of the trial court

---

[1] In addition to the $9,000 for Rogers, the terms of the settlement apparently called for Roger's first attorney to receive $9,000, which was paid to him by Goodyear, and Rogers was also entitled to a service award.

pertaining to that assignment of error,[2] and remanded to the trial court for further proceedings in accord with the judgment. Id., at ¶9.

{¶6} Rogers then appealed to the Ohio Supreme Court. On May 16, 2007, the Ohio Supreme Court declined to exercise jurisdiction, and this Court's decision became final. See *Rogers v. The Goodyear Tire & Rubber Co.*, 113 Ohio St.3d 1514, 2007-Ohio-2208, 866 N.E.2d 512.

{¶7} Thereafter, no action was taken for almost a year until April 2008 when Rogers' current attorney contacted Goodyear as to the disposition of the remainder of the settlement funds. Goodyear explained that the trial court had not scheduled a new hearing and perhaps the parties should ask the trial court to schedule a hearing on the issue of costs and fees. Roger's attorney stated that a hearing was not necessary or appropriate and that Rogers was entitled to the balance of the funds. The parties were not able to reach an agreement.

{¶8} On December 23, 2008, Goodyear filed a request with the trial court for a hearing on the issue of sanctions so that the award of attorney fees could be finalized and the matter closed. In January 2009, the trial court sent notice of a hearing on the matter to determine whether sanctions should be imposed on Rogers for frivolous conduct. The hearing was eventually held in June 2009, and

---

[2] Roger's first assignment of error pertaining to the scope of cross-examination of his prior attorney was overruled, and his third assignment of error concerning the reasonableness of the attorney fees sanctions was moot as a result of our decision on the second assignment of error. Rogers had not appealed the decision of the trial court upholding and enforcing the settlement agreement.

on July 14, 2009, the trial court issued its decision, finding that Roger's refusal to abide by the parties' settlement agreement amounted to frivolous conduct and awarded Goodyear attorney fees in the amount of $3,780.[3]

**{¶9}** It is from this judgment that Rogers now appeals, setting forth the following five assignments of error.

### First Assignment of Error

**The lower court erred in finding that this [Appeals] Court's December 26, 2006 decision, Case No. 14-05-35, mandated an R.C. 2323.51 hearing.**

### Second Assignment of Error

**The lower court erred in determining that it could hold an R.C. 2323.51 hearing when no ancillary proceeding was pending before the court. Even if an ancillary was once pending, the R.C. 2323.51 time constraints were still applicable**

### Third Assignment of Error

**The lower court committed prejudicial error in considering evidence not before it in finding Rogers violated R.C. 2323.51**

### Fourth Assignment of Error

**The lower court erred when it found that Rogers' unsuccessful challenge to his [previous attorney's] settlement authority, a claim recognized by Ohio law, in and of itself, was frivolous.**

---

[3] Because the sanctions awarded in 2009 were less than the previous sanctions, Goodyear issued a check for the difference in the amount of $5,145. Rogers refused and returned the check, claiming he was entitled to the entire $8,925 originally withheld.

**Fifth Assignment of Error**

**The lower court erred in not dismissing Goodyear's 2323.51 claim against [Rogers' current attorney].**

{¶10} In his first two assignment of error, which we elect to address together, Rogers argues that this Court's December 26, 2006, decision set aside the frivolous conduct finding and the award of sanctions against him. Therefore, if either Goodyear or the trial court wished to renew and pursue sanctions, they were required by R.C. 2323.51(B)(1) to file a claim within thirty days of the final decision in this case, which was May 16, 2008 (after Rogers' appeal to the Ohio Supreme Court was denied). Because neither party pursued sanctions within the statutory time period, any further actions for sanctions were time-barred.

{¶11} Goodyear maintains that the trial court had already moved for sanctions in July 2005, and that this Court's remand only required the trial court to provide notice and hold a separate sanctions hearing, with no time limitations on the matter. Goodyear contends that the trial court complied with these requirements when it gave advance notice of the hearing in January 2009, and then held the R.C. 2323.51 sanctions hearing.

{¶12} The sanctions that are at issue in this case are an auxiliary claim governed by R.C. 2323.51, which provides in part:

> **(B)(1) *** at any time** *not more than thirty days after the entry of final judgment in a civil action or appeal*, **any party adversely**

**affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal. The court may assess and make an award to any party to the civil action or appeal who was adversely affected by frivolous conduct, as provided in division (B)(4) of this section.**

**(2) An award may be made pursuant to division (B)(1) of this section upon the motion of a party to a civil action or an appeal \*\*\* or on the court's own initiative, but only after the court does all of the following:**

**Sets a date for a hearing to be conducted in accordance with division (B)(2)(c) of this section \*\*\*;**

**Gives notice of the date of the hearing \*\*\* to each party or counsel of record \*\*\*;**

**Conducts the hearing \*\*\*allows the parties and counsel of record involved to present any relevant evidence at the hearing \*\*\*determines that the conduct involved was frivolous and that party was adversely affected by it, and then determines the amount of the award to be made.**

(Emphasis added.)  R.C. 2323.51.

{¶13} As to the time limitations for bringing sanctions, the Ohio Supreme

Court has stated:

**[b]y enacting R.C. 2323.51, the General Assembly sought to provide a remedy for those harmed by frivolous conduct.  Yet, by the same token, the General Assembly manifested its intent that there be a cut-off time for this sanction to be imposed.  This purpose is served by giving the aggrieved party the option of filing the sanctions motion at any time prior to trial or within [thirty][4] days of the last judgment rendered in the case.  This**

---

[4] The prior version of R.C. 2323.51, which was in effect at the time the Ohio Supreme Court decided *Soler*, was twenty-one days.  The current version of the statute, applicable in the case before us, is thirty days.

> **would assure that [thirty] days after the entry of final judgment, the proceedings would be over."**

*Soler v. Evans, St. Clair & Kelsey*, 94 Ohio St.3d 432, 436, 2002-Ohio-1246, 763 N.E.2d 1169. "In order to give effect to the legislative intent behind this statute, the time frame within which a R.C. 2323.51 motion for sanctions is filed cannot be perpetual." *Baker v. AK Steel Corp.*, 12th Dist. No. CA2005-07-188, 2006-Ohio-3895, ¶25.

{¶14} We agree that the trial court's January 2009 notice for a hearing on sanctions was untimely. Our December 2006 decision vacated the trial court's award of sanctions and found that the entire auxiliary proceeding for sanctions was void. We cannot say that the 2009 proceedings were a "continuation" of the trial court's original motion for sanctions because, as we stated in our opinion, "[a]t no time prior to the hearing did the trial court inform the parties that it was considering sanctions against Rogers." *Rogers*, 2006-Ohio-6854, at ¶7.

{¶15} If either the trial court or Goodyear wished to move for sanctions after the decision was reversed, they had thirty days from the date of the final order (May 16, 2007) in which to file a motion under R.C. 2323.51. No action was taken until December 2008, when Goodyear requested a hearing on the matter. Therefore, the actions taken by the trial court and Goodyear subsequent to that time were untimely.

{¶16} Rogers' first and second assignments of error are sustained.  Because our decisions on these two assignments of error are dispositive of this matter, we need not address the remaining three assignments of error.  The judgment of the Union County Court of Common Pleas is reversed.

*Judgment Reversed*

**ROGERS and PRESTON, J.J., concur.**

**/jnc**